Johnson, J.
The rule laid down by the Court in Taveau v. Ball, 1 M’C. Ch. Rep. 464, is, that executors, administrators, and others, acting in a fiduciary character, are bound to manage the funds committed to their care, with the same care and diligence that a prudent and cautious man would bestow on his own concerns; and I am not aware that the correctness of this rule has ever been called in question. In all cases, therefore, where a loss arises in the management of funds by an executor, or other person acting as a trustee, the question arises whether the loss happened from casualties against which no one can be expected always to guard, or from his want of care and circumspection ; and is an unmixed question of fact which cannot be resolved by any rule, but must depend on the particular circumstances of each case.
In the management of an estate by an executor or administrator, it would be generally safe to sell the produce of the estate 'in the market usually resorted to in the country where it is situated, because it would furnish evidence of ordinary care and circumspection, but as an arbitrary rule, it never could be tolerated. The town of Columbia is, for example, the common market of the districts lying north of it; and would an administrator, managing an estate in York, be excused for selling his crop there, when it was notorious, or even probable, that it would command a much higher price in Charleston ? Certainly not: for a prudent and cautious man would send it on to Charleston to obtain the better price. And precisely so here ; if the defendant acted in good faith and with the reasonable expectation of making a greater profit for the estate which he managed, by sending on the cotton to Liverpool, instead of selling it in Charleston, he has done all which the law requires of him. Produce is bought in Columbia to be sold in Charleston, and in Charleston to be sold in Liverpool, on a profit; and I cannot consent that a sale in the *280 market, where the highest price is expected to be obtained, should be considered as negligence by a settled rule of law.
_ The rePol’k Commissioner as to the facts out of which *this question arises, has not been brought up; and the Court is consequently ignorant of the precise state of the markets in Charleston and Liverpool, at the time the cotton was sent to market. There may have been something which would have rendered the shipment imprudent, but the Chancellor has founded his judgment on the ground that the defendant was bound to sell in the markets of the country; and as we cannot concur in this, the case must go back to the Commissioner to ascertain and report the facts.
It is therefore ordered, that the case be referred back to the Commissioner, to ascertain and report to the Circuit Court, the facts connected with the question before the Court.
O’Heall and Harper, Js., concurred.